IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

MICHAEL DEWAYNE PATTERSON,  )
#325 121,                                             )
                                                             )
    Plaintiff,                                    )
                                                             )
    v.                                                  )     CASE NO. 1:21-CV-370-WHA-SRW
                                                             )                    [WO]
JAMES BRAZIER, et al.,                         )
                                                             )
    Defendants.                                 )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate detained at the Houston County Jail in Dothan, Alabama, brings this *pro se* 42 U.S.C. § 1983 action alleging a violation of his constitutional right to adequate medical care for chronic asthma. The complaint for injunctive relief is filed against Commissioner Jefferson Dunn, James Brazier, and Physician's Assistant Jason Smoak. Doc. 1.

Upon review, the Court concludes that dismissal of the complaint against Commissioner Dunn prior to service of process is appropriate under 28 U.S.C. § 1915A(b)(1).

## I.   STANDARD OF REVIEW

The Prison Litigation Reform Act, as partially codified at 28 U.S.C. § 1915A, requires this Court to screen complaints filed by prisoners against government officers or employees as early as possible in the litigation. The Court must dismiss the complaint or any portion thereof that it finds frivolous, malicious, seeks monetary damages from a defendant immune from monetary relief, or which states no claim upon which relief can be

granted. 28 U.S.C. §1915A(b)(1) & (2). The Court may *sua sponte* dismiss a prisoner's complaint prior to service. *See* 28 U.S.C. § 1915A(a).

Under § 1915A(b)(1) and § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a legal right that clearly does not exist. *Id*. at 327. Moreover, a complaint may be dismissed under 28 U.S.C. § 1915A (b)(1) for failure to state a claim upon which relief may be granted. A review on this ground is governed by the same standards as dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). In order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "plain statement possess[ing] enough heft to show that the pleader is entitled to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007) (internal quotation marks omitted, alteration incorporated). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. When a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones*, 549 U.S. at 215.

*Pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir.

2006).   However, they "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## II.  DISCUSSION

Plaintiff is a state inmate currently detained at the Houston County Jail. He alleges that he has chronic asthma but says that medical staff at the jail have told him he does not have this condition and refuse to provide him with appropriate medical care. Plaintiff requests that he be transferred to the custody of the Alabama Department of Corrections so he may receive proper medical treatment for his condition. Doc. 1 at 2–4.

Among the named defendants is Prison Commissioner Jefferson Dunn. Other than naming Commissioner Dunn as a defendant, however, Plaintiff makes no allegations of wrongdoing against this individual. Thus, absent from Plaintiff's contentions is any assertion Commissioner Dunn was personally engaged in the alleged unconstitutional conduct about which he complains. This Circuit has held that a court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption, states no allegations that associate the defendant with the alleged constitutional violation. *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (*citing Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980) (holding that "[w]hile we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")); *see also Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (per curiam); *see also Iqbal*, 556 U.S. at 678 (quotation marks and citation omitted) (finding that "a complaint [does not] suffice if it tenders naked assertion[s] devoid of further factual enhancement.").

To the extent that Plaintiff attempts to implicate Defendant Dunn through the theory of *respondeat superior*, he is entitled to no relief. A § 1983 action will not support a claim under a theory of *respondeat superior*. *See Iqbal*, 556 U.S. at 676 (2009) (holding doctrine of *respondeat superior* is inapplicable to § 1983 actions). The *Iqbal* Court clarified that a government official sued in his or her individual capacity for alleged constitutionally tortious behavior cannot be held liable on a *respondeat superior* theory or on the basis of some general connection to allegedly responsible individuals or actions. *Id*. at 676–777 (holding that "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior* . . . [A] plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution . . . [P]urpose rather than knowledge is required to impose [constitutional] liability on . . . an official charged with violations arising from his or her superintendent responsibilities"); *Monell v. Dep't of Social Servs*., 436 U.S. 658, 691-95 (1978) (finding the doctrine of *respondeat superior* is inapplicable to § 1983 actions); *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (holding that 42 U.S.C. § 1983 does not allow a plaintiff to hold supervisory officials liable for the actions of their subordinates under either a theory of *respondeat superior* or vicarious liability); *see also Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (holding that a supervisory official is liable only if he "personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [his] actions ... and the alleged constitutional deprivation."); *Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996) (holding "a prisoner may not attribute any of his constitutional claims to higher officials by the doctrine

of *respondeat superior*; the official must actually have participated in the constitutional wrongdoing.").

Absent some specific allegation that Defendant Dunn knew of, sanctioned, participated in, or otherwise was "affirmatively link[ed]" to the acts about which Plaintiff complains, the complaint against Dunn is insufficient to state a cause of action under § 1983 based on the theory of *respondeat superior*. G*ilmere v. City of Atlanta,* 737 F.2d 894, 911 (11th Cir. 1984) (internal citation omitted). Accordingly, Plaintiff's complaint against Defendant Dunn is due to be dismissed for failure to state a claim upon which relief may be granted.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The complaint against Defendant Dunn be DISMISSED without prejudice prior to service of process under 28 U.S.C. § 1915A(b)(1).

2. Defendant Dunn be TERMINATED as a party to the complaint.

3. This case be referred to the undersigned for further proceedings.

Plaintiff may file an objection to the Recommendation **on or before June 11, 2021**. Any objection filed must clearly identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right

to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 27th day of May, 2021.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge