IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL DEWAYNE PATTERSON, #325 121, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CASE NO. 1:21-CV-370-WHA-SRW [WO] |
| JAMES BRAZIER, et al., | ) ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed this *pro se* 42 U.S.C. § 1983 action on May 21, 2021. On May 26, 2021, the Court entered an order granting Plaintiff leave to proceed in forma pauperis and entered an order of procedure. Docs. 3, 4. On June 4, 2021, Plaintiff's copy of the order granting him in pauperis status was returned to the Court marked as undeliverable because Plaintiff is no longer housed at the last service address he provided. Accordingly, the Court entered an order on June 7, 2021, requiring that by June 21, 2021, Plaintiff file with the Court a current address or show cause why this case should not be dismissed for his failure to prosecute this action. Doc. 8.  The order specifically advised Plaintiff that the administration of this case could not proceed if his whereabouts remained unknown and cautioned him his failure to comply with its directives would result in a recommendation this case be dismissed. *Id*.  Plaintiff has filed no response. The Court therefore concludes that this case should be dismissed.

A federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute or obey a court order. *See, e.g., Link v. Wabash R.R. Co*., 370 U.S. 626, 629–

30 (1962); FED. R. CIV. P. 41(b). The Eleventh Circuit has made clear that "dismissal is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)). Here, the Court finds Plaintiff has willfully failed to file a response in compliance with the Court's June 7, 2021, Order. And considering Plaintiff's disregard for orders of this Court, the Court further finds that sanctions lesser than dismissal would not suffice in this case.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice.

Plaintiff may filed an objection to the Recommendation **on or before August 16, 2021**. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 30th day of July, 2021.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge